1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

REBECCA ELMORE,

12
                        Plaintiff,

13              v.

14
        JOSEPH LEHMAN,

15                      Defendant.

Case No. C05-5836RJB

REPORT AND
RECOMMENDATION

Noted for March 24, 2006

16
17      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

18  pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR

19  3, and MJR 4.  The matter is before the court on plaintiff's failure to respond to the court's order

20  directing plaintiff to amend his proposed complaint (Dkt # 4), which explained that it did not appear

21  plaintiff had adequately alleged a constitutional or federal cause of action.  The matter is also before the

22  court as it appears plaintiff's claims are barred by the statute of limitations.

23      After reviewing the motion the record, the undersigned recommends that the Court dismiss

24  plaintiff's complaint and causes of action.

25                  PROCEDURAL AND FACTUAL BACKGROUND

26      On December 30, 2005, Plaintiff submitted a pro se civil rights lawsuit under 42 U.S.C. §

27  1983, naming Joseph Lehman, Secretary of the Department of Corrections (DOC), as a Defendant.

28  REPORT AND RECOMMENDATION - 1

1  (Dkt. #1). In his Complaint Mr. Elmore claims that he was unlawfully detained by defendant past his

2  earned early release date ("EERD"). Complaint at 2.  According to the Complaint, Mr. Elmore was a

3  Washington State DOC prisoner from 1994 to 1999.  *Id.* at 2, ¶ 1.  Plaintiff alleges he was unlawfully

4  detained past his earned early release date ("EERD") of December 25, 1997, and he was imprisoned

5  by defendant until July 11, 1999, when he was released from custody of the Washington State

6  Department of Corrections.   Plaintiff seeks general damages in the amount of $1500.00 per day that

7  he spent in prison beyond his EERD, punitive damages, and "any other relief the court feels a need to

8  impose." *Id.* at 3.

9                                          DISCUSSION

10         The appropriate statute of limitations for a § 1983 claim is the forum state's statute of

11  limitations for tort actions.  Wilson v. Garcia, 471 U.S. 261, 269 (1985).  Washington State provides

12  a three year statute of limitations for tort claims. RCW 4.16.080(2) (1998).  Accordingly, the statute

13  of limitations applicable to plaintiff's § 1983 claim is three years.  See, e.g., Joshua v. Newell, 871

14  F.2d 884, 886.

15         Here, Mr. Elmore indicates that the allegations giving rise to his Civil Rights Complaint

16  occurred when he was unlawfully detained past his earned early release date.  He states that his

17  earned early release date was December 25, 1997.  Arguably his claim for release and damages arose

18  at that time.  Mr. Elmore further states that he was released from prison on July 11, 1999.

19  Significantly, plaintiff applied for in forma pauperis status and submitted his proposed Complaint to

20  the court on or about December 19, 2005 (the date his initial pleadings were signed), which is  more

21  than six years after his release from DOC custody and almost eight years since is EERD. Clearly, the

22  court should dismiss his untimely claims.

23          After reviewing the merits of the complaint, the court further finds that plaintiff's allegations

24  based on his EERD do not appear to present a cognizable claim.  have merit.  A prison inmate has no

25  constitutional right to release before expiration of his or her sentence.  Greenholtz v. Inmates of

26  Nebraska, 442 U.S. 1 (1979).  Washington State appellate courts recognized an independent state

27  created interest in amassing early release credits.  In Re Galvez, 79 Wn. App 655 (1995).  The

28  REPORT AND RECOMMENDATION - 2

1  Washington State Court of Appeals, Division 1, found there to be a "limited  liberty interest" in

2  earned early release credit which requires minimal due process.  In re Crowder, 97 Wn. App. 598

3  (1999). In Dutcher the same appellate court emphasized it was proceeding under RAP 16.4, which

4  did not require a finding of a constitutional violation but rather only a finding of unlawful restraint

5  under state law.  Dutcher, supra at p. 758 (fn. 3 and 4, *citing* In re Cashaw, 123 Wn. 2d 138 (1994)).

6

7          The plaintiff in Cashaw filed a personal restraint petition (PRP) which challenged the actions

8  of the Indeterminate Sentence Review Board in setting his minimum prison term to coincide with the

9  remainder of his court-imposed maximum sentence.  The Court of Appeals granted the "PRP after

10  concluding the Board's failure to follow its own procedural rules violated Cashaw's due process

11  rights." Cashaw, supra, at p. 140.  While the Washington Supreme Court affirmed the grant of the

12  PRP, it did so on the ground that "an inmate may be entitled to relief solely upon showing the Board

13  set a minimum term in violation of a statute or regulation." Cashaw at p. 140.  The Washington

14  Supreme Court disagreed, however, with the Court of Appeals and found "that no due process

15  liberty interest was created here, for the Board's regulations imposed only procedural, not

16  substantive, requirements." Cashaw at p. 140.  The state court affirmed the notion that "procedural

17  laws do not create liberty interests; only substantive laws can create these interests." Cashaw, supra

18  at p. 145.   The Washington State Supreme Court in Cashaw was careful to grant relief only on state

19  grounds.  Indeed, the State Supreme Court in Cashaw analyzed what is needed to find a state created

20  liberty interest and found no due process violation in that case.  The court stated:

21          Liberty interests may arise from either of two sources, the due process clause
         and state laws. Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d
22       675 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert.
         denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). The due process
23       clause of the federal constitution does not, of its own force, create a liberty interest
         under the facts of this case for it is well settled that an inmate does not have a liberty
24       interest in being released prior to serving the full maximum sentence. Greenholtz v.
         Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100,
25       2103, 60 L.Ed.2d 668 (1979); Ayers, 105 Wash.2d at 164-66, 713 P.2d 88; Powell,
         117 Wash.2d at 202-03, 814 P.2d 635.
26
         However, as indicated above, state statutes or regulations can create due
27       process liberty interests where none would have otherwise existed. See Hewitt, 459

28  REPORT AND RECOMMENDATION - 3

U.S. at 469, 103 S.Ct. at 870; <u>Toussaint</u>, 801 F.2d at 1089; <u>Powell</u>, 117 Wash.2d at 202-03, 814 P.2d 635. By enacting a law that places substantive limits on official decision making, the State can create an expectation that the law will be followed, and this expectation can rise to the level of a protected liberty interest. <u>See</u> <u>Toussaint</u>, 801 F.2d at 1094.

For a state law to create a liberty interest, it must contain "substantive predicates" to the exercise of discretion and "**specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow**". <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989); <u>Swenson v. Trickey</u>, 995 F.2d 132, 134 (8th Cir.), <u>cert. denied</u>, 510 U.S. 999, 114 S.Ct. 568, 126 L.Ed.2d 468 (1993). **Thus, laws that dictate particular decisions given particular facts can create liberty interests, but laws granting a significant degree of discretion cannot.**

<u>In Re Cashaw</u>, 123 Wn 2d at 144 (emphasis added).

The Department of Corrections has been mandated by statute to implement a system that allows for the possibility of early release. For some inmates their release is automatic when they reach their earned early release date because they have no supervision following incarceration. Inmates who were sentenced to community placement or community custody, cannot earn this reduction in sentence. Instead, they earn a possibility of being placed on community placement or community custody at the discretion of the Department of Corrections. Their release is not automatic.

In <u>Dutcher</u>, the Court of Appeals proceeded pursuant to RAP 16.4 (Personal Restraint Petition - Grounds for Remedy). The court used a standard of review which did not require the finding of a constitutional violation. The ruling in <u>Dutcher</u> that the department must follow the state statutory system and consider plans on the merits does not equate to a finding of a state created liberty interest in release and the holding in <u>Dutcher</u> did not eliminate the departments' discretion.

In 1995 the United States Supreme Court examined the methodology used to determine if state laws or regulations created liberty interests in a prison context and the Court adopted a new approach. <u>Sandin v. Conners</u>, 515 U.S. 472 (1995). The decision in <u>Sandin</u> was a reaction to the practice of combing state regulations for mandatory language to find liberty interests. The refusal to investigate a proposed plan does not lead to violation of a constitutionally protected right. There is no change in the incidents of normal prison life and the inmate is held until the expiration of his

REPORT AND RECOMMENDATION - 4

1   sentence.   Accordingly, it would not appear that Mr. Elmore's claims presented here present a

2   cognizable federal claim

3        Irregardless of the merits of Mr. Elmore's claims, after reviewing the matter the court finds

4   he failed to bring his EERD claim in a timely fashion.  This action was commenced more than three

5   years since his claim arose or since he was reasonably aware that his civil rights may have been

6   violated by defendant's alleged actions.  The court should dismiss this case based on the applicable

7   three-year statue of limitations.

8                                        CONCLUSION

9        For the reasons outlined above the undersigned recommends **dismissal** of plaintiff's

10  complaint and causes of action.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules

11  of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written

12  objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

13  objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

14  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 24, 2006**, as

15  noted in the caption.

16       DATED this 2nd day of March, 2006.

17

18                                        /s/ J. Kelley Arnold
                                          J. Kelley Arnold
19                                        United States Magistrate Judge

20

21

22

23

24

25

26

27

28  REPORT AND RECOMMENDATION - 5